IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIZERA MARABLE )
)
v. ) NO: 3:16-2731
)
DAVIDSON COUNTY SHERIFF'S OFFICE, )
et al. )

TO: Honorable Kevin H. Sharp, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered November 7, 2016 (Docket Entry No. 7), the Court referred this *pro se* and *in forma pauperis* civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Lizera Marable ("Plaintiff") filed this action on October 17, 2016, while she was an inmate in the custody of the Davidson County Sheriff's Office. In the order of referral, the Court found that she stated arguable claims under 42 U.S.C. § 1983 that her right to constitutionally adequate medical care had been denied and directed that the Clerk send her service packets for two named defendants, which she was to complete and return to the Court within twenty one (21) days so that process could issue. The Order and service packets, which were mailed to Plaintiff at the Davidson County Sheriff's Office, were returned to the Court as undeliverable. *See* Docket Entry Nos. 9-10.

Although Plaintiff had not filed change of address notice, she had filed a notice with the Court that contained a non-institutional residential address. *See* Docket Entry No. 4. Accordingly,

the Court issued a second order to Plaintiff on February 14, 2017, directing the Clerk to send two service packets to Plaintiff at the new address and advising Plaintiff that she must return completed service packets to the Court by February 28, 2017. *See* Docket Entry No. 11. Plaintiff was specifically advised that a recommendation would issue for the dismissal of the action if completed service packets were not timely returned to the Court. *Id*. The docket reflects that Plaintiff has not returned completed service packets or otherwise communicated with the Court. As a result, process has not issued to Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure requires that Defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff's failure to return service packets to the Court has stalled the progression of this action. Because process has not been served upon Defendants, Rule 4(m) requires dismissal of the action. Additionally, Plaintiff's failure to comply with the directives of the Court indicates an apparent lack of interest in prosecuting the action and warrants the dismissal of the action.[1]

---

[1] This Report and Recommendation provides additional notice to Plaintiff of the Court's intention to dismiss the action, and the fourteen day period for filing objections provides her with the opportunity to show good cause why the action should not be dismissed.

## RECOMMENDATION

The undersigned Magistrate Judge therefore respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge