UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIZERA MARABLE,

        Plaintiff,

v.

DAVIDSON COUNTY SHERIFF'S
OFFICE *et al.*,

        Defendants.

_____/

Civil Action No. 16-cv-02731
Hon. Matthew F. Leitman

## ORDER (1) ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION (ECF #11) AND (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE

In this prisoner civil-rights action, *pro se* Plaintiff Lizera Marable alleges that

Defendants provided inadequate medical care while Marable was in the custody of

the Davidson County Sheriff's Office. (*See* Compl., ECF #1.)

On November 7, 2016, this Court entered a written order in which it required

Marable to complete a "service packet"[1] within twenty-one days for each Defendant

so that the Court could issue valid process in this action. (ECF #7 at Pg. ID 32.)  In

that order, the Court warned Marable that "the failure to return the completed service

_____

[1] A "service packet" is comprised of a summons and a USM-285 form. (ECF #7 at Pg. ID 32.) Copies of blank service packets were mailed to Marable at Marable's custodial address. (*See id.*)

packets within the time required could jeopardize prosecution of this action." (*Id.*) In addition, Marable was "further warned that failure to advise the Court promptly of any change of his address may result in the dismissal of this lawsuit for failure to prosecute." (*Id.*)

Marable did not return the service packets to the Court as ordered. Instead, Marable "filed a notice with the Court that contained a non-institutional residential address." (ECF #11 at Pg. ID 36.) The Court thereafter re-mailed Marable copies of the service packets and again warned that the failure to complete and return the forms, or the failure to provide the Court with a valid address, could result in the dismissal of this action:

> Accordingly, the Clerk is directed to again send two service packets to Plaintiff at the new address and to change Plaintiff's address on the docket. Plaintiff MUST complete the service packets and return them to the Clerk's Office by February 28, 2017. Upon return of the completed service packets, PROCESS SHALL ISSUE. However, Plaintiff is forewarned that the failure to return the completed service packets within the time required will result in a recommendation that his action be dismissed. Plaintiff is also advised that she must keep the Court and Defendants informed of a current and good mailing address. Additional instances of returned mail due to an insufficient address will result in a recommendation that this action be dismissed.

(*Id.* at Pg. ID 36-37.)

The Court's written order and service packet were mailed to Marable's new address, but they were returned to the Court as undeliverable. (*See* ECF #13.)

Thereafter, on March 30, 2017, the assigned Magistrate Judge issued a report and recommendation (the "R&R") in which she recommended that the Court dismiss Marable's Complaint without prejudice due to (1) Marable's failure to follow the Court's previous orders and (2) Marable's failure to prosecute this action. (*See* ECF #14.) At the conclusion of the R&R, the Magistrate Judge instructed Marable that if Marable wanted to seek review of her recommendation, Marable needed to file specific written objections with the Court within fourteen days. (*See id.* at Pg. ID 42.)

Marable has not filed any objections to the R&R. Nor has Marable filed a notice of a new address with the Court. Marable's failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Accordingly, because Marable has failed to file any objections to the R&R, and has otherwise failed to comply with orders of this Court, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommendation to dismiss Marable's Complaint without prejudice is **ADOPTED**.

**IT IS FURTHER ORDERED** that Marable's Complaint (ECF #1) is

**DISMISSED WITHOUT PREJUDICE**.

> s/Matthew F. Leitman
> MATTHEW F. LEITMAN
> UNITED STATES DISTRICT JUDGE
> SITTING BY SPECIAL DESIGNATION

Dated:  August 4, 2017